## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

Juan Mora,                              )
                                        )
                    Plaintiff,          )
                                        )        **REPORT AND RECOMMENDATION**
          vs.                           )
                                        )
State of North Dakota,                  )        Case No. 1:07-cv-023
                                        )
                    Defendant.          )

---

The plaintiff, Juan Mora ("Mora"), seeks to commence the above-entitled action without the prepayment of fees. On March 23, 2007, he submitted an application to proceed *in forma pauperis*. In addition, he filed a proposed complaint. What follows is the undersigned's recommendation as to how the court should proceed with the plaintiff's application and complaint.

## I.    BACKGROUND

Mora, with the assistance of a Spanish-language interpreter, pled guilty to State charges that he had delivered cocaine to an undercover police officer on September 16, 1998. See State v. Mora, 2000 ND 179, 617 N.W.2d 478. Taking notice of the fact that Mora had two prior convictions in Minnesota for delivery of methamphetamine, the state district court, over Mora's objections, imposed a twenty-year minimum mandatory sentence as required by N.D.C.C. § 19-03.1-23(1)(a)(3). Mora is presently incarcerated at the North Dakota State Penitentiary ("NDSP").

On March 23, 2007, Mora filed a proposed complaint pursuant to 42 U.S.C. § 1983 alleging:

I am nerveous [sic] and scare to NDSP officers[.] I am taking too many pills to sleep. Never had problems before.

He seeks the following relief:

1

Dockets.Justia.com

My freedom if I deserved money because NDSP abuse from the power and my suffer I accept it thank you.

I want from this court to add my 2 year in my sentence that ND refuse to add.

Although it is not entirely clear, Mora is presumably challenging the length of the sentence imposed by the state court as opposed to requesting that his sentence be extended.[1]  As to the remainder of the proposed complaint, it is not possible at all to determine what Mora is complaining about or what his claim is.

## II.    DISCUSSION

### A.    Standard Governing Initial Review

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  In addition, the court also has the power under § 1915(e)(2) to dismiss an *in forma pauperis* proceeding any time the court determines the proceeding is frivolous or malicious, fails to state a claim upon which relief should be granted, or seeks monetary relief against an immune defendant.

In conducting its § 1915A review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988).  The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief."

---

[1]On March 20, 2007, Mora filed with this court a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. See Case No. 1:07-cv-025.  Therein, he challenged the State's use of his prior Minnesota convictions at the time of sentencing and questioned the sufficiency of the State's evidence.

Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).  An action is frivolous if "it lacks an arguable basis in law or in fact."  Nietske v. Williams, 490 U.S. 319, 325 (1989).

In this case, plaintiff alleges claims under 42 U.S.C. § 1983.  To state a claim pursuant to 42 U.S.C.§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Analysis**

**1.     Challenge to Sentence Imposed by State District Court**

The United States Supreme Court, in Heck v. Humphrey, held that before an inmate can recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254."  512 U.S. 477, 486-87.  It added:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed proceed, in the absence of some other bar to the suit.

Id. at 487.

As noted above, it appears that Mora is challenging the validity of the underlying criminal

proceedings in state court.  In order to address this issue, this court would have to address the validity of these proceedings to date.  Such a review is not cognizable under § 1983, however, given the  United States Supreme Court's clear pronouncement that a § 1983 action cannot be used to challenge, directly or indirectly, the length or validity of a prisoner's confinement. Id.; see also Edwards v. Balisok, 520 U.S. 641 (1997).  Moreover, it should be noted that Mora has initiated a companion habeas action raising this same issue. Consequently, he should not be allowed to proceed with this challenge under the guise of a § 1983 action.

### 2.     Remainder of the complaint

Aside from challenges to the underlying criminal proceedings, it cannot be determined from the remainder of the proposed complaint what Mora is complaining about or what his claim is.  If Mora wishes to proceed with a claim other than the one that challenges his sentence, he should submit a new request to proceed *in forma pauperis* along with a new proposed complaint providing more detail as to his claim.

## III.    CONCLUSION AND RECOMMENDATION

Having conducted an initial review of Mora's complaint and viewing the mentioned claims in a light most favorable to Mora, it is hereby **RECOMMENDED** that:

1.    Mora's claim challenging the validity of the underlying state court proceedings and the duration of his confinement be denied without prejudice as it not cognizable under § 1983;

2.    The remainder of the complaint be dismissed without prejudice because it is unintelligible and fails to state a claim;

3.      Mora's request to proceed *in forma pauperis* be denied without prejudice; and

4.      A certificate of appealability not be issued with respect to any of the issues raised by

Mora.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten

(10) days after being served with a copy of this Report and Recommendation.  Failure to file

appropriate objections may result in the recommended action being taken.

Dated this 29th day of March, 2007.


/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge